IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Elijah White, | ) | C/A No. 0:14-139-DCN-PJG |
| Plaintiff, | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| Pitt County Sheriff Department, | ) | |
| Defendant. | ) | |

The plaintiff, Elijah White ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. This civil rights matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff, a federal inmate, seeks to recover monetary damages against the defendant. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed.

**I.   Factual and Procedural Background**

Plaintiff claims that when the defendant arrested him in 1999, it took his property. (ECF No. 1 at 3.) Although the charges against Plaintiff were subsequently dropped, he did not receive either his property or compensation therefor. Plaintiff seeks not only compensation for this property, but also punitive damages. (Id. at 4.) Plaintiff was to use this property to pay legal expenses in another case and, because he could not, he received a thirty-year sentence and lost "everything that he had." (Id.)

II.     **Discussion**

   A.     **Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[1] 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. See Neitzke, 490 U.S. at 327; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is

---

[1] Screening pursuant to § 1915A is subject to this standard as well.

charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.**     **Analysis**

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United

States." Rehberg v. Paulk, 132 S. Ct. 1497, 1501 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

Plaintiff's claims are barred as untimely under the applicable statute of limitations. In civil rights cases filed in the federal court, the court must apply a state's general or residual personal injury statute of limitations. See Wilson v. Garcia, 471 U.S. 261, 265–80 (1985), partially superseded by statute as stated in Jones v. R.R. Donnelly & Sons Co., 541 U.S. 369, 377–80 (2004); see also Owens v. Okure, 488 U.S. 235 (1989). "The statute of limitations for both § 1983 and Bivens[2] actions is determined by the statute of limitations for personal injury actions in the state where the incident forming the basis of the claim occurred." King v. One Unknown Fed. Corr. Officer, 201 F.3d 910, 913 (7th Cir. 2000) (footnote added); see also Van Tu v. Koster, 364 F.3d 1196, 1198 (10th Cir. 2004) ("Bivens actions generally borrow the general personal injury limitations statute in the state where the action arose."). The actions forming the basis of Plaintiff's claim occurred in the State of North Carolina; thus, its statute of limitations applies to his case. The appropriate statute of limitations for North Carolina personal injury claims is found in N.C. Gen.

---

[2] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) (establishing a direct cause of action under the United States Constitution against federal officials for the violation of federal constitutional rights). A Bivens claim is analogous to a claim brought against state officials under 42 U.S.C. § 1983; therefore, caselaw involving § 1983 claims is applicable in Bivens actions, and vice versa. See Harlow v. Fitzgerald, 457 U.S. 800, 814–20 & n.30 (1982); see also Farmer v. Brennan, 511 U.S. 825 (1994); Bolin v. Story, 225 F.3d 1234, 1241–42 (11th Cir. 2000); Campbell v. Civil Air Patrol, 131 F. Supp. 2d 1303, 1310 n.8 (M.D. Ala. 2001) (noting that "the court shall refer interchangeably to cases decided under both § 1983 and Bivens.").

Stat. § 1-52(5), which establishes a three-year period of limitations. See Nat'l Adver. Co. v. City of Raleigh, 947 F.2d 1158, 1161 (4th Cir. 1991).

Plaintiff contends that the defendant took his property on December 22, 1999, and he asked for the return of his property after his case was dismissed in September 2001. (ECF No. 1 at 3.) Accordingly, at the latest, Plaintiff's cause of action accrued in September 2001. Plaintiff's filing shows that it was received by prison officials for mailing on January 8, 2014.[3] (ECF No. 1-1 at 2.) Hence, the Complaint on its face shows that it was clearly filed beyond the applicable three-year statute of limitations.[4]

### III. Conclusion

Accordingly, the court recommends that the Complaint be summarily dismissed without prejudice and without issuance and service of process.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

March 21, 2014
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

---

[3] A prisoner's pleading is deemed filed at the moment of delivery to prison authorities for forwarding to the district court. See Houston v. Lack, 487 U.S. 266, 272 (1988).

[4] Moreover, the court notes that the defendant is not located in South Carolina, and none of the alleged actions giving rise to Plaintiff's claim occurred in South Carolina. See 28 U.S.C. § 1391(b)(1), (2) (describing proper venue for a case brought in district court); see also id. § 1406(a) (providing that the district court may dismiss "a case laying venue in the wrong . . . district").

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>  Robin L. Blume, Clerk
>  United States District Court
>  901 Richland Street
>  Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).